USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|6|08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

JOSE REGALADO,

Defendant.

MEMORANDUM ORDER

96 Cr. 505 (PKL)

**LEISURE, District Judge:**

On March 4, 2008, the Second Circuit remanded this case so that this Court might consider whether to resentence Jose Regalado ("Regalado") in conformity with Kimbrough v. United States, 128 S. Ct. 558 (2007). See United States v. Regalado, 518 F.3d 143 (2d Cir. 2008). This remand follows the Second Circuit's initial remand in this case, where this Court was instructed to reevaluate its original sentence in light of United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). In the first remand, after giving renewed consideration to the applicable United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range and to the 18 U.S.C. § 3553(a) factors, this Court found that Regalado's sentence "would not have been nontrivially different had the Guidelines been advisory

1

when the original sentence was imposed." United States v. Regalado, No. S1 96 Cr. 505, 2005 U.S. Dist. LEXIS 21357, at *1 (S.D.N.Y. Sept. 26, 2005). In the instant remand, this Court is called upon to indicate, more specifically, whether it would have imposed a non-Guidelines sentence if it had known that it had broad discretion to "'consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses,' so long as the court does not 'purport to establish a ratio of its own.'" Regalado, 518 F.3d at 146 (quoting Kimbrough, 128 S.Ct. at 564, 575).

Notwithstanding the clarification of Booker/Crosby after Kimbrough/Regalado, the Court declines to vacate Regalado's sentence. Any new sentence would not be nontrivially different than the original sentence, which the Court believes was "sufficient, but not greater than necessary to accomplish the sentencing goals advanced in § 3553(a)(2)." Kimbrough, 128 S.Ct. at 575 (internal quotation marks omitted). Specifically, the Court is guided by its initial remand decision, where it stated on the record that Regalado was the leader of a drug organization involving five or more participants. (Sent. Tr. at 8.) Further, the Court had originally allowed a three-level sentence reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, despite the fact

2

that Regalado "resisted revealing the extent of his involvement and the organization's activities." (Sent. Tr. at 9-10.) The disparity in sentences produced by cocaine base ("crack") and cocaine offenses is but one factor which influences the Court's discretion, and in this particular case, that factor is offset by countervailing considerations and the totality of the § 3553(a) factors. Accordingly, Regalado's within-Guidelines sentence serves the objectives of sentencing.

Although the Court will not vacate the sentence, Regalado is not without recourse. "[T]he district courts now have jurisdiction pursuant to 18 U.S.C. § 3582(c)(2) to decide in the first instance whether to modify previously-imposed sentences where the cocaine ranges on which they were based have been subsequently lowered." Regalado, 518 F.3d at 150-51. Thus, the Court *sua sponte* moves, pursuant to 18 U.S.C. § 3582(c)(2), to modify Regalado's sentence. See 18 U.S.C. § 3582(c)(2) ("[U]pon motion of the defendant or the Director of the Bureau of Prisons, *or on its own motion*, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a).") (emphasis added).

The recent retroactive amendments to the Guidelines reduce by two points the base offense levels corresponding

3

to the crack quantity ranges under § 2D1.1(c). See U.S.S.G. App. C., Amend. 706, as amended by Amend. 711 (eff. Nov. 1, 2007); § 1B1.10(c). The amended Guidelines range is determined by substituting the amended provisions of § 2D1.1(c) and "leav[ing] all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Moreover, the Guidelines authorize a sentence reduction only if the retroactive application of the amendment would result in a lower Guidelines range. U.S.S.G. § 1B1.10(a).

On June 16, 2004, Regalado was sentenced after pleading guilty to one count of narcotics conspiracy, in violation of 21 U.S.C. § 846. The crime involved more than 1.5 kilograms of crack, which, at the time of sentencing, corresponded with a base offense level of 38 under § 2D1.1 of the Guidelines. There was one four-level enhancement to the sentence for Regalado's leadership role in the criminal activity, U.S.S.G. § 3B1.1(a), and one three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. Thus, the resulting total offense level was 39. With no prior criminal record, Regalado was in criminal history category I, thereby giving him a Guidelines range of 262 to 327 months. Regalado was sentenced to a term of 262 months' imprisonment, the bottom of the applicable range. According to the United States Department of

4

Probation, his projected release date is February 10, 2021.

The retroactive amendment dictates that for an offense involving more than 1.5 kilograms of crack, Regalado's base offense level is 36. See U.S.S.G. § 2D1.1(c)(2). The enhancement and reduction remain unaffected, yielding a total offense level of 37 and a lower Guidelines range of 210 to 262 months. Therefore, Regalado is eligible for a reduction.

The Court accepts the United States Department of Probation's findings that no factors bear negatively on Regalado's record with respect to public safety. And despite one fight with another prisoner in 2002, Regalado has enrolled in numerous classes while incarcerated, including "Victim Impact Program, GED classes, [and] Parenting and Divorce Class." (Probation Memo. at 3 (citing Sentry Report).) See App. Note 1(B) of U.S.S.G. § 1B1.10. Accordingly, in light of the retroactive amendment to the Guidelines, along with consideration of the relevant factors set forth in 18 U.S.C. § 3553(a), Regalado's sentence should be reduced under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

The Court reduces Regalado's sentence to 210 months imprisonment, the bottom of the applicable Guidelines range. All other terms of the original sentence remain in effect.

**SO ORDERED.**

New York, New York
August **5**, 2008

_____
U.S.D.J.

Copies of this Memorandum Order have been sent to:

John McEnany
Associate United States Attorney
Southern District of New York

Jose Regalado
#24040-038
FCI Allenwood Low
P.O. BOX 1000
White Deer, PA  17887

Lyvia Y. Ramos
U.S. Probation Officer
Southern District of New York