UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
JOSE REGALADO,                              :
:
                    Petitioner,             :
:         **OPINION AND ORDER**
        - against -                         :
:         09 Civ. 7725 (SAS)
:
UNITED STATES OF AMERICA                    :
:         96 CR 505 (PKL)
                    Respondent.             :
------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.      INTRODUCTION

Jose Regalado, proceeding pro se, moves to vacate, set aside, or correct his sentence under section 2255 of title 28 of the United States Code ("section 2255").[1] Regalado challenges his sentence on the ground that he was denied effective assistance of counsel. In particular, Regalado asserts that he was unconstitutionally denied the effective assistance of counsel because his attorney: (1) failed to inform him of the issuance of a Memorandum Order (the "August 6, 2008 Order") in which the Court declined to vacate his sentence; and (2) did not consult him about appealing the August 6, 2008 Order.[2] For the reasons stated

---

[1] *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed September 8, 2009 ("Pet. Mot.").

[2] *See id.* at 5.

1

below, Regalado is granted the opportunity to appeal the August 6, 2008 Order.

## II. BACKGROUND

### A. The Offense Conduct

Regalado was a leader of a drug-trafficking organization that dealt in large quantities of cocaine base ("crack").[3] He pled guilty to one count of conspiring to distribute more than 1.5 kilograms of crack in violation of section 846 of title 21 of the United States Code.[4] "After a four-level enhancement for [his] leadership role and a three-level reduction for acceptance of responsibility, the resulting sentence range" was 262 to 327 months.[5] On June 16, 2004, Regalado was sentenced by the Honorable Peter K. Leisure of this Court to 262 months of imprisonment, the minimum sentence under the then-binding United States Sentencing Guidelines, followed by five years of supervised release.[6]

### B. Procedural History

Regalado appealed his sentence. On June 10, 2005, the Second

---

[3] See Government's Memorandum of Law in Opposition to Defendant's Motion under 28 U.S.C. § 2255 ("Gov't Mem.") at 2.

[4] See United States v. Regalado, 518 F.3d 143, 146 (2d Cir. 2008) (per curiam).

[5] Id. (citations omitted).

[6] See Gov't Mem. at 2.

Circuit remanded the case pursuant to *United States v. Crosby* for a determination of whether the sentence imposed would have been nontrivially different had the Court been aware of the discretionary sentencing regime established in *United States v. Booker*.[7] On November 27, 2005, the Court declined to resentence Regalado finding that his sentence "would not have been nontrivially different had the Guidelines been advisory when the original sentence was imposed."[8] On January 15, 2008, Regalado, represented by counsel, appealed. Once again, "this case was remanded for this Court to indicate whether, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), it would have imposed a non-Guidelines sentence if it had known that it had broad discretion to 'consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.'"[9] The

---

[7] See *United States v. Crosby*, 397 F.3d 103, 117 (2d Cir. 2005) ("[W]e conclude that the 'further sentencing proceedings' generally appropriate for [pre-*Booker*] sentences pending on direct review will be a remand to the district court, not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime.") (emphasis in original).

[8] *United States v. Regalado*, No. 96 CR 505, 2005 WL 2372850, at *1 (S.D.N.Y. Sept. 27, 2005).

[9] *United States v. Regalado*, No. 96 CR 505, 2009 WL 1953414, at *1 (S.D.N.Y. July 7, 2009) (quoting *Regalado*, 518 F.3d at 146) (quotation marks and citation omitted) (parallel citation omitted)).

Second Circuit's Mandate authorizing the second remand issued on July 1, 2008.[10]

In a Memorandum Order dated August 6, 2008, the Court declined to vacate Regalado's sentence finding that the disparity in sentences produced by crack and cocaine offenses "is but one factor which influences the Court's discretion" and here "that factor is offset by countervailing considerations and the totality of the [section] 3553(a) factors."[11] However, the Court *sua sponte* reduced Regalado's sentence "based on the retroactive amendments to the Guidelines that lowered by two points the base offense levels corresponding to the crack quantity ranges under section 2D1.1(c)."[12] The Court reduced his sentence from 262 months in prison to 210 months, "the bottom of the applicable Guidelines range."[13] On March 16, 2009, Regalado asked the Court to reconsider his sentence in light of *Spears v. United States* and based on post-sentencing circumstances, including the

---

[10] Remands to allow a sentencing court to consider the impact of *Kimbrough* are now commonly referred to as "*Regalado* remands." *See, e.g., United States v. Keller,* 539 F.3d 97, 102 (2d Cir. 2008); *United States v. Samas,* 561 F.3d 108, 111 (2d Cir. 2009).

[11] *United States v. Regalado,* No. 96 CR 505, 2008 WL 3155519, at *1 (S.D.N.Y. Aug. 6, 2008) (quoting *Kimbrough,* 552 U.S. at 111) (quotation marks and citation omitted).

[12] *Regalado,* 2009 WL 1953414, at *1 (citing *Regalado,* 2008 WL 3155519, at *1).

[13] *Regalado,* 2008 WL 3155519, at *2.

unexpected death of his daughter.[14] On July 7, 2009, the Court found Regalado's motion for reconsideration of the August 6, 2008 Order untimely and, in the alternative, without merit.[15]

### III. APPLICABLE LAW

#### A. Section 2255 Standard

Section 2255 permits a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. A properly filed motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[16] Accordingly, collateral relief under section 2255 is permitted "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[17]

---

[14] *See* Gov't Mem. at 4.

[15] *See Regalado*, 2009 WL 1953414, at *2-*3.

[16] *See* 28 U.S.C. § 2255.

[17] *Cuoco v. United States*, 208 F.3d 27, 29 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### B. Evidentiary Hearing Requirement

Section 2255 requires that the court hold an evidentiary hearing on a prisoner's section 2255 motion, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[18] The court "has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing."[19] While a court should not summarily dismiss a case unless it is clearly bereft of merit, an evidentiary hearing is not needed in every case.[20] To obtain a hearing, a petitioner "must demonstrate a colorable claim," and the court must determine whether an evidentiary hearing would "offer any reasonable chance of altering its view of the facts."[21]

### C. Ineffective Assistance of Counsel

A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, demonstrate that "there is a reasonable

---

[18]     *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) (quoting 28 U.S.C. § 2255).

[19]     *Id.* (quoting *Luse v. United States*, 326 F.2d 338, 339-40 (10th Cir. 1964) (quotation marks and citation omitted)).

[20]     *See id.* at 85-86.

[21]     *Id.* at 84, 86.

6

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[22]  The *Strickland* test applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal."[23]  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[24]  "At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following these instructions, his counsel performed deficiently."[25]  However, where the defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," counsel may have a duty to consult "with the defendant about an appeal."[26]  The term "consult" conveys a specific meaning: to advise "the defendant about the advantages and disadvantages of taking an appeal, and [make] a reasonable effort to discover the defendant's wishes."[27]  "Counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think

---

[22]  *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984).

[23]  *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000).

[24]  *Id.* (citing *Rodriquez v. United States,* 395 U.S. 327 (1969)).

[25]  *Id.* (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)).

[26]  *Id.* at 478.

[27]  *Id.*

either: (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[28] "The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance."[29] Where counsel's alleged deficient performance arguably led to the forfeiture of the defendant's appeal, to show prejudice "[the] defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[30]

## IV.  DISCUSSION

### A.  The August 6, 2008 Memorandum Order

Regalado asserts that he was unconstitutionally denied the effective assistance of counsel because his attorney, B. Alan Seidler, failed to inform him of the Court's August 6, 2008 Memorandum Order which reduced his sentence, *sua sponte,* based on retroactive amendments to the Sentencing Guidelines while declining to reduce it pursuant to *Kimbrough v. United States*.[31] Regalado claims

---

[28]   *Id.* at 480.

[29]   *Id.* at 481.

[30]   *Id.* at 484.

[31]   *See* Pet. Mot. at 5.

that he was made aware of the August 6, 2008 Order for the first time in November 2008, upon requesting a copy of the docket report.[32] Furthermore, Regalado asserts that his attorney did not consult with him about appealing this decision.[33] However, Seidler states in his Declaration that,

> [a]s soon as [he] learned of the issuance of the August 6, 2008 Order, [he] mailed a copy of the order to Mr. Regalado and later spoke with him concerning steps that might be taken to get the Court to reconsider its ruling denying a full resentencing. As a result of that conversation, and additional conversations with Mr. Regalado's family members, [he] obtained materials from Mr. Regalado's family. As a result of this effort, [he] prepared and submitted a letter requesting resentencing of Mr. Regalado, with over 20 pages of attachments, including letters that [he] had obtained from friends and family members of Mr. Regalado, on or about March 16, 2009.[34]

Notably, Seidler does not provide the date that he notified Regalado of the August 6, 2008 Order or the date he first spoke to him about filing a motion for reconsideration of that Order.

Seidler asserts that he spoke to Regalado "concerning steps that might be taken to get the Court to reconsider its ruling denying a full resentencing"

---

[32] *See* Petitioner's Reply to the Government's Response to Petitioner's 2255 Motion at 3.

[33] *See* Pet. Mot. at 3.

[34] 12/18/09 Declaration of B. Alan Seidler, Esq. ¶ 3.

following the issuance of the August 6, 2008 Order, but he does not mention speaking with Regalado about filing an appeal.[35] Counsel only declares that Regalado "never requested that he file an appeal of" the August 6, 2008 Order.[36] In cases where a defendant neither requests an appeal nor explicitly instructs counsel not to appeal, counsel may have a constitutionally imposed duty to consult with the defendant.[37] Therefore, Regalado's "failure to instruct counsel to file a notice of appeal does not foreclose the inquiry as to whether counsel acted in a professionally unreasonable manner."[38] Seidler was constitutionally obligated to consult with Regalado about appealing the August 6, 2008 Order if there was reason to think that Regalado reasonably demonstrated to him an interest in appealing.[39] "In making this determination, courts must take into account all the information counsel knew or should have known."[40] Regalado previously appealed his sentence twice, once with Seidler serving as appellate counsel. This

---

[35]  *Id.*

[36]  *Id.*

[37]  *See Flores-Ortega*, 528 U.S. at 480.

[38]  *United States v. Gomez*, 644 F. Supp. 2d 362, 373 (S.D.N.Y. July 30, 2009) (citing *Flores-Ortega,* 528 U.S. at 479).

[39]  *See Flores-Ortega,* 528 U.S. at 480.

[40]  *Id.*

demonstrated commitment to appealing his sentence when given the opportunity to do so should have alerted counsel to Regalado's interest in appealing the August 6, 2008 Order. Furthermore, the Supreme Court has asserted an expectation that "courts evaluating the reasonableness of counsel's performance using the inquiry described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal."[41] Seidler did not satisfy his duty to consult with Regalado. Seidler's Declaration confirms Regalado's allegations that: (1) he was not advised "about the advantages and disadvantages of" appealing the August 6, 2008 Order; and (2) Seidler did not make "a reasonable effort to discover [his] wishes."[42]

In addition to showing that counsel's performance was unreasonable, Regalado must also prove prejudice.[43] He "must demonstrate that 'but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'"[44] This prejudice inquiry "is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first

---

[41] *Id.* at 481.

[42] *Id.* at 478.

[43] *See Strickland*, 466 U.S. at 688, 693-94.

[44] *Gomez*, 644 F. Supp. 2d at 373 (quoting *Flores-Ortega*, 528 U.S. at 484).

11

place."[45]  "To determine whether the defendant 'would have appealed' the Court must consider 'all relevant factors in a given case.'"[46] In the case at hand, Regalado's previous appeals as well as his motion for reconsideration of the August 6, 2008 Order suggest that he would have timely appealed had he been consulted by his attorney.  In fact, the Government suggested that his motion for reconsideration was brought "in an effort to overcome the fact that he failed to file a timely appeal of this Court's August 6, 2008 Memorandum Order."[47] Consequently, it is likely that but for Seidler's deficient failure to consult with him about an appeal, Regalado would have timely appealed.  Regalado has thus shown unreasonable performance by counsel and prejudice.

V.    **CONCLUSION**

For the foregoing reasons, this Court finds that Regalado is permitted to file an untimely appeal of the August 6, 2008 Order.  The Clerk of the Court is directed to close the instant motion [docket # 1] and this case.

---

[45]    *Flores-Ortega*, 528 U.S. at 486.

[46]    *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480).

[47]    *Regalado*, 2009 WL 1953414, at *2 (citing June 1, 2009 Letter from Assistant U.S. Attorney Howard S. Master to the Hon. Peter K. Leisure at 2).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           December 28, 2010

## -Appearances-

**Petitioner (Pro Se):**

Jose Regalado
# 24040-038
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

**For Respondent:**

Howard S. Master
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637- 2248